UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X     *CASE #17-5062*

MARGARITA FERREIRA,

Plaintiff,

**VERIFIED
COMPLAINT**

-against –

**JURY TRIAL
DEMANDED**

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE DANIEL LANNING,
DETECTIVE SHAWN SOLER, CAPTAIN NICOLA
VENTRE, SERGEANT ELYSE MARTINEZ, and OTHER
UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,
DETECTIVES, AGENTS AND EMPLOYEES OF THE 115TH
PRECINCT AND OTHER UNKNOWN PRECINCTS,

Defendants.

------------------------------------------------------------------------------ X

Plaintiff, by her attorney, **MALLILO & GROSSMAN**, complaining of the
Defendants herein, respectfully allege as follows:

### JURISDICTION

1.      Jurisdiction is founded upon the existence of a Federal Question.

2.      This is an action to redress the deprivation and violation, under color of statute,
ordinance, regulation, custom or usage, of Plaintiff's constitutional and civil rights, privilege, and
immunity secured by the Civil Rights Act of 1871, 42 U.S.C. §1983 and §1988, and the rights
secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States
and the rights secured under the Constitution of the State of New York, Article I, Sections 11 and
12, and the common law of the State of New York.

3.      Jurisdiction is founded upon 28 U.S.C. Sections §1331, §1343 (3) and 1343(4), this
action seeks redress for the violations of Plaintiff's constitutional and civil rights.

1

4.      Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate all constitutional and pendant state law claims, pursuant to 28 U.S.C. §1367, as said claims form part of the same case or controversy.

## VENUE

5.      Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1391(b) and (c), because the Plaintiffs reside within the Eastern District.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action on each and every claim.

## NOTICE OF CLAIM

7.      Notice of the Plaintiff's claims, the nature of the claims, the date and time of same, the place where, and the manner in which the claims arose were duly served upon the Comptroller of the Defendants, City of New York and New York City Police Department on December 22, 2016.

8.      That the Plaintiff has duly complied with the oral examination, pursuant to Section 50-h of the General Municipal Law.

9.      That more than thirty days have elapsed since the Notice of Claim has been served upon the Defendants and said Defendants have neglected or refused to make any adjustment or payment thereof.

10.     That this action is commenced within one year and ninety days after the cause of action arose.

## PARTIES

11.     That Plaintiff, MARGARITA FERREIRA is a resident of the United States.

12.     That Plaintiff resides in the County of Queens, City and State of New York.

13.     At all times hereinafter mentioned Defendants, New York City Detective Daniel

Lanning, New York City Detective Shawn Soler, New York City Police Captain Nicola Ventre, New York City Police Sergeant Elyse Martinez, and other unidentified New York City Police officers, detectives, agents and employees of the 115th Precinct and other unknown Precincts were detectives and police officers employed by The City of New York, and were acting within the course and scope of their employment. They are sued in their individual and official capacities.

14.    At all times hereinafter mentioned, and upon information and belief, the Defendant, The City of New York (hereinafter referred to as "City"), was and still is a municipal corporation organized and existing by virtue of the Laws of the State of New York. The City of New York is authorized under the laws of the State of New York to maintain a police department, the New York City Police Department (hereinafter referred to as "NYPD"), which acts as its agent in the area of law enforcement. The City of New York operated, maintained and controlled the NYPD, and the Officers thereof, and assumes the risks incidental to the maintenance of a police force and the employment of police officers.

15.    At all relevant times, the City and its NYPD hired, employed, trained supervised, monitored and controlled the individual Defendants.

16.    At all relevant times, the Defendant detectives and police officers were on duty with the NYPD on September 29, 2016.

17.    At all relevant times, the Defendants were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the City of New York and/or the NYPD in engaging in the unlawful conduct described herein.

18.    At all relevant times herein, the Defendants have acted for or on behalf of the City of New York and/or the NYPD, with the power and authority vested in them as officers, detectives, agents and employees of the City and/or NYPD, within the course and scope of their employment as Police Officers.

## STATEMENT OF FACTS

19.     On September 29, 2016, at approximately 4:15 a.m., while Plaintiff was within her residence, located at 9911 37th Avenue, Corona, New York, unidentified detectives and police officers forcibly entered Plaintiff's residence, without a proper warrant, probable cause or reasonable suspicion, seized the Plaintiff, put her in handcuffs, searched, destroyed, stole and converted Plaintiff's personal property and effects, physically and verbally abused the Plaintiff, falsely arrested her, thereby removing Plaintiff from the premises to the 115th Precinct, without her consent or legal justification, where Plaintiff continued to be confined and imprisoned against her will, without her consent, for approximately 11 hours.

20.     On the aforementioned date and time, Plaintiff was in her living room with her significant other, Persio Nunez-Hernandez, when multiple detectives and police officers, wearing masks, forcibly entered Plaintiff's residence with weapons drawn.

21.     The detectives and officers entered Plaintiff's premises by breaking in the door to her apartment.   The detectives and police officers did not identify themselves before or after breaking in the door, nor did they produce a warrant upon Plaintiff's and Mr. Nunez-Hernandez's requests.

22.     Immediately after breaking in the door to Plaintiff's apartment, while in the living room, Plaintiff was struck in the left shoulder and arm by a tall, mall detective and/or police officer, who was wearing a mask, carrying a gun, like a rifle, and a large shield.  This detective and/or police officer struck Plaintiff in the left shoulder with the large shield, pushing her to the floor.

23.     After approximately 3-4 minutes, Plaintiff got up from the floor and sat on the

4

couch in her living room next to Mr. Nunez-Hernandez. A male officer wearing a blue uniform asked Plaintiff what was wrong because she was holding her left arm, and although Plaintiff pointed to the officer and/or detective that threw her to the ground and explained what had occurred, she was ignored.

24.     A female detective or officer then took keys that were lying on a table and told Mr. Nunez-Hernandez, in Plaintiff's presence, that if the keys did not open the other apartment doors, the female detective or officer was going to hurt Plaintiff. The female detective or officer then repeated the threat against the Plaintiff to the Plaintiff herself. This female detective or officer also told Plaintiff to speak English, not Spanish because she lived in this Country for too many years to not speak English.

25.     Thereafter, Plaintiff was then brought into her bedroom by the female detective or officer, who pulled Plaintiff by the back of her hair and told her that she only had two minutes to get dressed, wherein Plaintiff complied. While getting dressed, the female detective or officer continued to search Plaintiff's bedroom.

26.     After getting dressed, Plaintiff was then taken back to the living room where she proceeded to put on her sneakers. While Plaintiff was bent over tying her sneakers, the female detective or officer kneed Plaintiff in her left ribs and told Plaintiff to hurry up. Plaintiff was then tightly handcuffed behind her back by the female detective or officer. Plaintiff did not resist while be handcuffed or any time prior thereto.

27.     The detectives and police officers searched Plaintiff's apartment, the restaurant located on the first floor of the premises, and the 2 other apartments located within the premises. The doors to those apartments were also broken in by the detectives and police officers.

28.     The detectives and officers trashed Plaintiff's apartment by throwing the personal belongings and effects of Plaintiff, Mr. Nunez-Hernandez, and Plaintiff's two sons all about the apartment, breaking through sheetrock, walls and ceiling of the apartment, throwing Plaintiff's clothing out of the apartment window.  Additionally, mattresses were removed from the beds, dirt and soil from Plaintiff's plants were thrown all over the floor, and the contents of the refrigerator were also thrown all over the floor.

29.     The detectives and police officers stole and converted $7,000.00 from Plaintiff, and some bracelets and earrings that Plaintiff's sons had given her various holidays, including mother's day.

30.     Additionally, Plaintiff had a video surveillance system with cameras that recorded in her apartment and the hallway outside thereof.  The detectives and police officers stole and converted all video recording devices from the surveillance system that recorded the event of that day.  To date, the video equipment and/or videos have not been returned to the Plaintiff and are evidence to this lawsuit.

31.     After approximately one half hour, Plaintiff was then handcuffed behind her back, taken from her residence, against her will and without her consent, put into the back of a police vehicle, and transported to the 115th Precinct.

32.     Plaintiff arrived at the 115th Precinct at approximately after 5:00 a.m.  Plaintiff was placed in a cell until approximately 4:00 p.m., when she was released and told she could go home, without any further explanation.  Plaintiff remained alone in the cell the entire time except for when she was escorted to the bathroom in handcuffs.

33.     Despite repeatedly asking the detectives and officers why she was removed from

6

her home in handcuffs and put in a cell, Plaintiff was not give any answers.

34.     On October 26, 2016, Plaintiff went to the Civilian Complaint Review Board and filed a complaint against the detectives and police officers.

35.     Plaintiff suffered physical, mental and verbal abuse and anguish, as well as the destruction and loss of her personal property and effects, including money, jewelry and video surveillance tapes that were stolen, misappropriated and converted by the detectives and police officers.

36.     At all times herein, the Defendants acted with malice and in bad faith, as they had no probable cause or reasonable suspicion to exercise excessive force, seize, detain and imprison the Plaintiff, and to steal and misappropriate her personal property and effects, including the video of the events described herein.

37.     The conduct of the Defendants in assaulting, battering, abusing, striking, pushing, restraining, seizing, handcuffing, threatening, detaining, and imprisoning the Plaintiff proximately caused the Plaintiff to suffer physical, emotional and financial injury, as well as, serious physical and emotional pain and suffering, humiliation, debasement, embarrassment and a deprivation of Plaintiff's constitutional rights.

38.     At all times relevant, the Defendants acted intentionally, willfully, maliciously, negligently, with reckless disregard for and deliberate indifference to Plaintiff's constitutional rights, safety, and physical and mental well being by unlawfully assaulting, battering, seizing, restraining, detaining and imprisoning the Plaintiff, thereby depriving Plaintiff of her Constitutional rights under the Fourth, Fifth and Fourteenth Amendments.

39.     The actions of the Defendants, as set forth herein, were the result of the City's

failure to properly hire, train, supervise, monitor, and discipline its detectives and officers, which is a consequence of the deliberate policies and practices of the Defendants, City and NYPD. Such policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless, reckless and intentional acts of the Defendants.

40.     At all relevant times herein, Defendant, City, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights, and the violation thereof.

41.     Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive the Plaintiff of her constitutional rights under the Fourth, Fifth and Fourteenth Amendments, thereby causing Plaintiff to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## FIRST CAUSE OF ACTION
### 42 U.S.C. §1983, And The Fourth and Fourteenth Amendments
### Unlawful Search & Seizure

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

43.     The Defendants are liable for the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C.§1983, in that the Plaintiff was unlawfully searched, seized, detained and falsely arrested; her privacy was invaded, and her personal property was illegally and unlawfully search, seized, stolen, converted and destroyed.

44.     The Defendants' unlawful actions and conduct, while acting under color of state law, deprived the Plaintiff of her rights, privileges and immunities to be secure in her person and

property and effects against unreasonable searches, seizures, detentions, false arrests and invasions of privacy under the Fourth and Fourteenth Amendments to the Constitution of the United States.

45.     The aforementioned was caused by the Defendants, their agents, servants and employees, without legal justification.

46.     The Defendants confined the Plaintiff and intended to confine the Plaintiff; Plaintiff was conscious of the confinement and did not consent to the confinement; and the confinement was not otherwise privileged.

47.     That the Defendants conspired together to violate the Plaintiff's rights in that the individual Defendants acted in concert to unlawfully violate Plaintiff's constitutional rights.

48.     As a proximate result of the Defendants' unlawful actions, Plaintiff's property and personal effects were illegally searched, seized, stolen, converted and destroyed, without probable cause; her privacy invaded; and Plaintiff was illegally and unreasonably searched, seized, detained, and falsely arrested, and has suffered violations of her due process rights under the Fourth and Fourteenth Amendments.

49.     That by reason of the foregoing, Plaintiff has each been damaged and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment, and is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**SECOND CAUSE OF ACTION**
**42 U.S.C. §1983, and the Fourth and Fourteenth Amendments**
**Excessive Use of Force**

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

51. As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of her rights to be free from assault, battery and the use of excessive force as required by the Fourth and Fourteenth Amendments of the United States Constitution.

52. The Defendants are liable for violation of 42 U.S.C. §1983, which prohibits the deprivation of rights, under color of state law, secured under the United States Constitution, in that they assaulted, battered and used excessive force against the Plaintiff without authority of the law, and without any reasonable cause or belief that the Plaintiff was in fact guilty of crimes, and without any legal justification for such conduct.

53. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered violations of her due process rights under the Fourth and Fourteenth Amendments.

54. That by reason of the foregoing, Plaintiff has each been damaged and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment, and is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### THIRD CAUSE OF ACTION
#### 42 U.S.C. §1983
#### False Arrest, Unlawful Confinement and False Imprisonment

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

56. The Defendants wrongfully, illegally and unlawfully seized, detained, confined, arrested and imprisoned the Plaintiff.

57. The wrongful, unjustifiable, illegal and unlawful seizure, detention, confinement, arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's

consents, and without probable cause or reasonable suspicion.

58.     The Defendants acted forcibly in seizing, detaining, confining, arresting and imprisoning the Plaintiff.

59.     Throughout the wrongful, unjustifiable, illegal and unlawful seizure, detention, confinement, arrest and imprisonment, the Plaintiff was knowingly and consciously deprived of her freedom and liberty in violation of their Fourth Amendment rights.

60.     The wrongful, unjustifiable, illegal and unlawful seizure, detention, confinement, arrest and imprisonment of the Plaintiff occurred without any illegal conduct by the Plaintiff.

61.     The Defendants acted under pretense and color of state law in their individual and official capacities and within the scope of their employment as detectives and police officers.

62.     The Defendants' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers as detectives and police officers.

63.     The Defendants acted willfully, knowingly and with specific intent to deprive the Plaintiff of her constitutional rights secured by the Fourth Amendment of the United States Constitution.

64.     That by reason of the foregoing, Plaintiff has each been damaged and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment, and are entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## FOURTH CAUSE OF ACTION
### 42 U.S.C. §1983
### Supervisory Liability

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the

prior paragraphs with the same force and effect as if more fully set forth herein.

66.     The Plaintiff's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the supervisory Defendants who were employed by the Defendant, City of New York, as detectives and police officers, captains and sergeants.

67.     The supervisory Defendants personally caused Plaintiff's constitutional injury by being deliberately, knowingly, consciously indifferent to the violation of rights of others in failing to supervise and train subordinate employees, detectives and officers.

68.     The supervisory Defendants had actual and constructive knowledge of the violations of Plaintiff's constitutional rights, and were deliberately indifferent to the violation of said rights, and failed to act to prevent those violations from happening and continuing to happen.

69.     The supervisory Defendants had actual and constructive knowledge of the violations of Plaintiff's constitutional rights, and were grossly negligent in allowing the violation of said rights, and failed to act to prevent those violations from happening and continuing to happen.

70.     The supervisory Defendants created a policy and/or custom under which unconstitutional practices and the violation of constitutional rights occurred, and allowed such policy and/or custom to continue.

71.     As a result of the actions and/or inactions of the supervisory Defendants, the Plaintiff suffered deprivations of her Fourth, Fifth and Fourteenth Amendment rights.

72.     That by reason of the foregoing, Plaintiff has been damaged and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment, and is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## FIFTH CAUSE OF ACTION
### 42 U.S.C. §1983
### Failure to Intervene

73.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

74.    The Defendants had an affirmative duty to intervene on behalf of the Plaintiff as her constitutional rights were being violated in their presence by other supervisors, detectives and police officers.

75.    The Defendants each failed to intervene to prevent the violations of the Plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments, and the unlawful conduct described herein.

76.    As a result, the Plaintiff was put in fear of her safety, was humiliated, and subjected to unjustified and unreasonable excessive force and physical abuse, an invasion of privacy, the loss of their liberty, and the loss of their personal property and effects.

77.    That by reason of the foregoing, Plaintiff has been damaged and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment, and is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## SIXTH CAUSE OF ACTION
### 42 U.S.C. §1983
### Monell Claim

78.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

79.    The Defendants, collectively and individually, while acting under the color of state

law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

80.   At all relevant times, the Defendant, City, acting through its NYPD and detectives, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifference to the Plaintiff's Constitutional rights, thereby causing the violation of such rights.

81.   Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of her Constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Unites States Constitution.

82.   The Constitutional abuses and violations by the Defendant, City, through the actions of the NYPD and detectives, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, monitored, encouraged, and sanctioned by the Defendant, City, including its failure to: adequately, supervise and train its officers and agents, including the individual Defendants; adequately discourage further constitutional violations on the part of its officers; to properly and adequately monitor and discipline its officers, including the individual Defendants; and properly and adequately investigate complaints of police misconduct, thereby tolerating and permitting and acquiescing in said acts.

83.   The Defendant, City, acting thought its NYPD and detectives, has developed, implemented, enforced, encouraged and sanctioned a de fact policy, practice and/or custom of unlawfully searching premises, unlawfully assaulting, battering, using excessive force, detaining, seizing, restraining and confining individuals, unlawfully taking and converting personal property and effects of individuals such as the Plaintiffs, without authority of the law, without any reasonable

suspicion or probable cause, and without any legal justification for same.

84.     Defendants' unlawful actions were done willfully, knowingly, maliciously and with the specific intent to deprive Plaintiff of her Constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Unites States Constitution.

85.     Defendants have acted with deliberate indifference to the Constitutional rights of the Plaintiff.

86.     As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered violations of their rights under the Fourth and Fourteenth Amendments.

87.     That by reason of the foregoing, Plaintiff has been damaged and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment, and is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## SEVENTH CAUSE OF ACTION
New York State Constitution Article I, Section 12 – Search & Seizure and Excessive Force

88.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

89.     Acting under the color of law, the Defendants subjected the Plaintiff to an unlawful seizure, detention and confinement of her person, unlawful seizure and conversion of her personal property and effects, and excessive force by committing a physical assault and battery upon Plaintiff, without probable cause or lawful justification for same, that was designed to and did cause serious bodily harm and injury, pain and suffering to the Plaintiff in violation of her Constitutional right as guaranteed by the Constitution of the State of New York, Article I, Section 12.

90.     As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered a

violation of her due process rights under the Constitution of the State of New York, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

### EIGHTH CAUSE OF ACTION
### New York State Tort Claim Intentional Infliction Of Emotional Distress

91.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

92.    The unlawful acts of unlawful assault and physically battery upon the Plaintiff, the seizure of Plaintiff by handcuffs, the seizure of Plaintiff's property and personal effects, the unlawful arrest, imprisonment, detainment and confinement of the Plaintiff, and the use of excessive force, committed by the Defendants so transcended the bounds of decency as to be regarded as atrocious and intolerable in a civilized society, thereby causing Plaintiff to suffer humiliation, degradation, and embarrassment, and to experience severe emotional harm.

93.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

94.    The aforementioned conduct was committed by Defendants while acting within the scope of their employment and in furtherance of their employment with the Defendant City.

95.    The Defendants conduct was intentional and for the sole purpose of causing severe emotional distress.

96.    As a proximate result of the Defendants' unlawful actions and conduct, Plaintiff has been damaged in that she has suffered  and continues to suffer intentional inflictions of emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and

loss of freedom.

## NINTH CAUSE OF ACTION
### Intentional Tort - Battery

97.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

98.     The acts of Defendants constituted an intentional battery of the Plaintiff, in that the Defendants hit, punched, shoved, pushed and handcuffed Plaintiff about her head and body.

99.     The Defendants acted under color of law, without lawful justification and without the authority of the law, in that the touching of the Plaintiff was harmful, uncontested, unprovoked and unjustified, and without privilege or consent.

100.    As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered And continues to suffer physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

101.    New York CPLR 1601 does not apply, pursuant to the exception provided by CPLR 1602(1)(b).

## TENTH CAUSE OF ACTION
### Intentional Tort - Assault

102.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

103.    The acts of Defendants constituted an intentional assault upon the Plaintiff, by yelling and shouting threats at Plaintiff, causing her to be in apprehension of an immediate physical harm and offensive bodily contact.

104.    As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered and continues to suffer physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

105.    New York CPLR 1601 does not apply, pursuant to the exception provided by CPLR 1602(1)(b).

## ELEVENTH CAUSE OF ACTION
### Tort Claim - Negligence

106.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

107.    The Defendants were negligent, careless, reckless and deliberately indifferent in that each failed to properly supervise and monitor the detectives and police officers who assaulted and battered the Plaintiff to prevent such conduct and acts from occurring.

108.    The Defendants were negligent, careless, reckless and deliberately indifferent in that they failed to provide adequate security to Plaintiff who was in Defendants' care, custody and control at the time of assault and battery by Defendants.

109.    That the aforesaid occurrences and resulting injuries to the Plaintiff was caused wholly and solely by the negligence of the Defendants, their agents, servants and employees, who were on duty and acting within the scope of their employment, without any negligence on the part of the Plaintiff.

110.    As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered and continues to suffer physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

## TWELVTH CAUSE OF ACTION
### Tort Claim - Negligent Screening, Hiring And Retention

111.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

112.    The Defendants, City and NYPD, and other unidentified supervising Officers were negligent, careless, reckless, and deliberately indifferent in screening, hiring and retaining the Defendants, in that said Defendants lacked the experience, deportment and ability to be employed by the NYPD; in that the Defendants failed to:  exercise due care and caution in their screening and hiring practices, and in particular, in hiring the Defendants, who lacked the mental capacity and the ability to function as employees of the NYPD; investigate the above-named Defendants' backgrounds; train Defendants in the proper criteria to control their tempers and exercise the proper deportment and temperament; use force prudently and only when  necessary, and to otherwise act as reasonably prudent detectives and police officers; to give Defendants proper instruction as to their behavior and conduct as representatives of their department.

113.    The Defendants, City and NYPD, and other unidentified supervising Officers were negligent, careless, reckless, and deliberately indifferent in that they hired and retained as employees individuals who were unqualified in that they lacked the maturity, sensibility and intelligence to be employed.

114.    As a proximate result of the Defendants' negligence, Plaintiff has been damaged, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## THIRTEENTH CAUSE OF ACTION
### Tort Claim - Negligent Training and Supervision

115.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

116.   The Defendants failed to use reasonable care in training and supervising the Defendants who conducted and participated in violating the Plaintiff's constitutional rights, in assaulting and battering, falsely arresting, and unlawfully imprisoning, detaining and confining the Plaintiff.

117.   The Defendants, City and NYPD, and other unidentified supervising Officers were negligent, careless, reckless, and deliberately indifferent in that they failed to properly and adequately train Defendants in the proper criteria to control their tempers and exercise the proper deportment and temperament, to use force prudently and only when  necessary, to otherwise act as reasonably prudent detectives and police officers; to give Defendants proper instruction as to their behavior and conduct as representatives of their department, and supervise the actions and conduct of their detectives and officers.

118.   As a proximate result of the Defendants' negligence, Plaintiff has been damaged, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## FOURTEENTH CAUSE OF ACTION
### New York State Constitution and Tort Claim - False Arrest, Unlawful Imprisonment, Wrongful Detention and Confinement

119.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

120.   The Defendants intentionally seized the Plaintiff and subjected the Plaintiff to false arrest, unlawful imprisonment, wrongful detention and confinement, and deprivation of liberty without probable cause.

121.   The Plaintiff was conscious of her imprisonment, detentions and confinement, and did not consent to same.

122.   As a direct result of the Defendants' unlawful actions and conduct, Plaintiff was deprived of her rights, privileges and immunities under the Constitution of the State of New York and New York State tort law, specifically Plaintiff's rights to be free from unreasonable seizures and the right not to be unlawfully imprisoned, confined and/or detained.

123.   That by reason of the foregoing, Plaintiff has been damaged, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## FIFTHTEENTH CAUSE OF ACTION
### Respondent Superior

124.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

125.   The Defendants engaged in the wrongful and unlawful conduct described herein while on duty and/or in uniform, in and during the course and scope of their employment, in furtherance of their employment, while acting as agents and employees of the Defendants, City and NYPD.

126.   Therefore, the Defendant, City, is vicariously liable to the Plaintiff pursuant to the doctrine of Respondent Superior.

127.   That by reason of the foregoing, Plaintiff has been damaged, and will continue to

suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, as follows:

a.    A declaration that Defendants' conduct violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the New York State Constitution;

b.    An award of damages for past and future pain and suffering in the amount of Five Million ($5,000,000.00) for each aforementioned Cause of Action;

c.    An award of punitive damages;

d.    An award of attorneys' fees pursuant to 42 U.S.C. §1988;

e.    An award of costs of suit pursuant to 42 U.S.C. §1920 and 1988; and

f.    An award of such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Flushing, New York
        July 14, 2017

MALLILO & GROSSMAN

By: _____
        ANTHONY MALLILO, ESQ.
Attorney for Plaintiff
163-09 Northern Boulevard
Flushing, New York 11358
(718) 461-6633
(718) 461-1062 FAX

22

STATE OF NEW YORK ⟩
⟩ SS.:
COUNTY OF QUEENS ⟩

I, MARGARITA FERREIRA, BEING DULY SWORN, DEPOSES AND SAYS:

I AM THE PLAINTIFF IN THE WITHIN ACTION, AND HAVE READ THE FOREGOING COMPLAINT AND KNOW THE CONTENTS THEREOF; THE SAME IS TRUE TO MY OWN KNOWLEDGE, EXCEPT AS TO THE MATTERS HEREIN STATED AS ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS I BELIEVE THEM TO BE TRUE.

_Margarita Ferreira_
MARGARITA FERREIRA

SWORN TO BEFORE ME THIS
16th DAY OF AUGUST 2017

_May L. Nickerson_
NOTARY PUBLIC

MARY L. NICKERSON
NOTARY PUBLIC
STATE OF NEW YORK
NO. 01NI4858185
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES JULY 7, 2018

OUR FILE# 1600782

Index No.
UNITED STATE DISTRICT COURT FOR THE EASTERN DISTRICT OF
NEW YORK

MARGARITA FERREIRA

VS.

THE CITY OF NEW YORK,NEW YORK CITY POLICE
DEPARTMENT,DETECTIVE DANIEL LANNING, DETECTIVE
SHAWN SOLER, CAPTAIN NICOLA VENTRE, SERGEANT ELYSE
MARTINEZ AND OTHER UNIDENTIFIED NEW YORK CITY POLICE
OFFICERS, DECTECTIVES,AGENTS AND EMPLOYEES OF THE
155TH PRECINT AND OTHER UNKNOWN PRECINCTS

SUMMONS AND VERIFIED COMPLAINT

**MALLILO & GROSSMAN, ESQS.**
*Attorneys for Plaintiff(s)*
163-09 Northern Boulevard
Flushing, NY 11358
**718-461-6633**
**Fax: (718) 461-1062**

Pursuant to 22 NYCRR 130-1.1A, the undersigned, an attorney admitted to practice in the courts of New
York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained
in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i)
the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons
responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom
and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not
obtained in violation of 22 NYCRR 1200.41-a.

Dated: _____ Signature _____
ANTHONY MALLILO, ESQ.

TO: